IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| HARRY LEE BOGGS, JR., : | |
| : | |
| Plaintiff, : | |
| : | |
| VS. : | |
| : | CIVIL No: 7:13-CV-0107-HL-TQL |
| MARTY ALLEN, et. al., : | |
| : | PROCEEDINGS UNDER 42 U.S.C. §1983 |
| Defendants. : | BEFORE THE U. S. MAGISTRATE JUDGE |

### ORDER & RECOMMENDATION

Plaintiff **HARRY LEE BOGGS, Jr.**, a prisoner currently confined at the Valdosta State Prison in Valdosta, Georgia, filed this *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed *in forma pauperis*, but is still obligated to pay the full $350.00 filing fee as directed herein. For this reason, the Clerk is **DIRECTED** to send a copy of this Order & Recommendation to the warden and/or business manager of Valdosta State Prison.

The Court has now reviewed Plaintiff's Complaint as required by 28 U.S.C. §1915A(a) and will allow Plaintiff's claims against Warden Marty Allen, Lt. Foster, Sergeant Staten, and Officers Howell, Barry, and Terrell to go forward. It is **RECOMMENDED**, however, that Plaintiff's claims against Sergeant Jones be **DISMISSED** without prejudice, pursuant to 28 U.S.C. § 1915A (b)(1), for failure to state a claim.

### STANDARD OF REVIEW

When conducting preliminary screening pursuant to 28 U.S.C. § 1915A(a), the district court must accept all factual allegations in the complaint as true. Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings, like the one in this case, are also "held to a less

stringent standard than pleadings drafted by attorneys" and will be "liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). A *pro se* prisoner's pleading is, nonetheless, subject to dismissal prior to service if the court finds that the complaint, when viewed liberally and in the light most favorable to the plaintiff, fails to state a claim upon which relief may be granted. See 28 U.S.C. §1915A(b)(1).

A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). To state a cognizable claim, the allegations in the complaint must also do more than "merely create[] a suspicion [of] a legally cognizable right of action." Id. at 555. "Threadbare recitals of the elements of cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 663, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). Therefore, to survive a §1915A preliminary review, a prisoner's complaint must "raise the right to relief above the speculative level" by alleging facts which create "a reasonable expectation" that discovery will reveal the evidence necessary to prove a claim. Twombly, 550 U.S. at 555-556.

## ANALYSIS OF CLAIMS

This action initially arose out of the conditions of Plaintiff's confinement at Valdosta State Prison. In his Complaint (Doc. 1), Plaintiff alleges that Defendant Foster placed him in a cell containing asbestos, black mold, and rusted water pipes. After a cursory review of his pleading, the undersigned ordered Plaintiff to supplement his Complaint with information about any grievances he had filed at the prison. Plaintiff then filed supplemental allegations against Warden Marty Allen and also appears to have added new claims and parties to the Complaint.[1]

---

1 The Complaint is deemed amended with the additional allegations and claims contained in the Supplement (Doc. 8). See Fed. R. Civ. P. 15(a) & (d). The Clerk is **DIRECTED** to amend the docket of this case accordingly.

The Supplement (Doc. 8) alleges that Warden Allen (and other officers at his direction) physically assaulted Plaintiff on multiple occasions in retaliation for Plaintiff's filing of a grievance and federal lawsuit. Warden Allen allegedly told Plaintiff that "if he didn't abandon the prison grievance [he] had filed" he would suffer additional abuse. Warden Allen also apparently "punched" Plaintiff in the eye on one occasion and in the stomach on another, stating that he would punch Plaintiff "everyday until he withdrew" the §1983 action Plaintiff had filed naming Allen as a Defendant. Sergeant Staten and Officers Howell, Barry, and Terrell returned to Plaintiff's cell every day thereafter "and each day punched [Plaintiff] in his body and face." The Supplement further alleges that Plaintiff "was told if he filed any prisoner grievance . . . he would be killed and never get to see his release date."

When construed liberally and in his favor, these allegations are sufficient to allow Plaintiff to go forward with §1983 claims against Lt. Foster, Warden Marty Allen, Sergeant Staten, and Officers Howell, Barry, and Terrell. In light of the new allegations, Plaintiff's Complaint will also not be dismissed prior to service for lack of exhaustion. See Turner v. Burnside, 541 F.3d 1077, 1085 (11th Cir. 2008) ("a prison official's serious threats of substantial retaliation against an inmate for lodging or pursuing in good faith a grievance make the administrative remedy 'unavailable'"). It is therefore **ORDERED** that service be made on these 6 Defendants and that they file an answer or such other response as may be appropriate. Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

Although Plaintiff also named "Sergeant Jones" as a Defendant in the caption of his Complaint, he has failed to make any allegations against him. It is well-settled that a district court properly dismisses defendants where a prisoner, other than naming the defendants in the caption of

3

the complaint, fails to state any allegations that connect the defendants with the alleged constitutional violation. Douglas v. Yates, 535 F.3d 1316, 1322 (11th Cir. 2008) (citing Pamel Corp. v. P.R. Highway Auth., 621 F.2d 33, 36 (1st Cir. 1980) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."). It is thus **RECOMMENDED** that Plaintiff's claims against Sergeant Jones be **DISMISSED without prejudice**, pursuant to 28 U.S.C. § 1915A (b)(1), for failure to state a claim.

Plaintiff may serve and file written objections to the undersigned's recommendation with the district judge to whom this case is assigned within fourteen (14) days after being served a copy of this Order. See 28 U.S.C. § 636(b)(1).

### DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall at all times keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of any change of address may result in the dismissal of pleadings filed herein.

### DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

### FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence

with the Clerk of Court.  A party need not serve the opposing party by mail if the opposing party is represented by counsel.  In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court.  If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of Defendants from whom discovery is sought by Plaintiff.  Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed.  Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE.  Plaintiff's deposition may be taken at any time during the time period hereinafter set out, provided that prior arrangements are made with his custodian.  Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37.  See Fed. R. Civ. P. 37.

**IT IS HEREBY ORDERED** that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by Defendants (whichever comes first) unless an extension is otherwise granted by the Court upon a showing of good cause therefor or a protective order is sought by Defendants and granted by the Court.  This 90-day period shall run separately as to each Defendant beginning on the date of filing of each Defendant's answer or dispositive motion (whichever comes first).  The scheduling

of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him or served upon him by the opposing counsel/party. The undersigned incorporates herein those parts of the Local Rules imposing the following limitations on discovery: except with written permission of the Court first obtained, INTERROGATORIES may not exceed TWENTY-FIVE (25) to each party, REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and REQUESTS FOR ADMISSIONS under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party. No party is required to respond to any request which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered in the absence of a separate motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed by the Court.

## DIRECTIONS TO CUSTODIAN OF PLAINTIFF

The Warden of the institution wherein Plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the Prison Litigation Reform Act, Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee

is paid in full, provided the amount in the account exceeds $10.00.  **IT IS ORDERED AND DIRECTED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

### PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the Prison Litigation Reform Act, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; Plaintiff shall continue to remit monthly payments as required by the Prison Litigation Reform Act. Collection from Plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event Plaintiff is released from custody and fails to remit payments.  In addition, Plaintiff's Complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

**SO ORDERED**, this 17th day of October, 2013.

s/***THOMAS Q. LANGSTAFF***
UNITED STATES MAGISTRATE JUDGE

jlr